UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PAUL DEREK GUIDRY | CASE NO.  6:23-CV-01742 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE DAVID J. AYO |

### MEMORANDUM ORDER

Before the court is a motion for attorney fees filed by claimant Paul Derek Guidry pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Rec. Doc. 14).  The motion is unopposed.

The claimant filed an application for disability insurance benefits on December 21, 2020.  (Rec. Doc. 5-1 at pp. 244–50).  His claim was denied on September 13, 2021.  (*Id.* at pp. 124–28).  After this initial denial, the claimant requested reconsideration, upon which his claim was again denied on July 18, 2022.  (*Id.* at pp. 138–47).

The claimant next requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* at ¶ pp. 148–50).   The appellant's request for hearing was granted and a telephone hearing was conducted before an ALJ on June 6, 2023.  (*Id.* at pp. 222–39).  Following that hearing, the ALJ issued an unfavorable ruling on July 31, 2023.  (*Id.* at pp. 17–36). The appellant's request for review was denied by the Appeals Council on November 14, 2023.  (*Id.* at p. 7).   The claimant filed an appeal in the Western District of Louisiana on December 12, 2023.  (Rec. Doc. 1).  On March 31, 2025, this Court issued its Report and Recommendation, in which it recommended that the Commissioner's denial of Guidry's claim for benefits be reversed and remanded under the fourth sentence of 42 U.S.C. § 405(g).  (Rec. Doc. 12).  By Judgment issued April 15, 2025, the Court adopted this Court's Report and Recommendation

1

and, accordingly, reversed and remanded Guidry's claim for further proceedings. (Rec. Doc. 13). This application for attorneys' fees followed on July 9, 2025. (Rec. Doc. 14).

The claimant seeks a total of $5,850.00 in fees at the rate of $200.00 per hour of attorney time for 26.4 hours, and the rate of $100.00 per hour for paralegal time for 5.7 hours, as well as reimbursement of court costs in the amount of $405.00. (Rec. Doc. 15 at pp. 2–3). In support of this request, the appellant's counsel, Edward Wicklund, submitted itemized ledgers of attorney and paralegal time expended. (Rec. Doc. 15-1, -2, -3, -4). The record reflects no opposition to the instant motion was filed by the Commissioner.

### Guidelines for Attorney Fees and Expense Calculation

The EAJA provides that "a court shall award to a prevailing party… fees and other expenses… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994). Since Guidry is a prevailing party within the meaning of the Act, and the Commissioner does not oppose an award of fees, an award of fees is appropriate. Section 2412(d)(1)(A) also specifically authorizes the payment of "fees and other expenses" separate and apart from attorney fees otherwise awarded. Permissible costs include filing fees. 28 U.S.C. § 1920.

### Reasonable Hourly Rate

The hourly rate at which an attorney fee award under the EAJA may be calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the

$125.00 statutory cap, the court must examine whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher rate." 28 U.S.C. 2412(d)(2)(A)(ii).

In *Carr v. Kijakazi*, 2023 WL 3168676 (W.D. La. Apr. 13, 2023), adopted by, 2023 WL 3168343 (W.D. La. Apr. 28, 2023), this Court reconsidered the prevailing market rate for social security fee awards under the EAJA. The Court found an hourly rate of $200.00 was reasonable based on increases in cost of living since its last examination of the issue in 2016, wherein it set the prevailing rate of $175.00 per hour. 2023 WL 3168676 at *3 (citing *Montgomery v. Colvin*, 2016 WL 4705730 (W.D. La. Aug 16, 2016), adopted by, 2016 WL 4705573 (W.D. La. Sept. 8, 2016). The Fifth Circuit has affirmed an hourly paralegal rate of $100.00. *Nkenglefac v. Garland*, 64 F.4th 251, 255 (5th Cir. 2023)

## Reasonable Hours Expended

The Commissioner does not oppose the number of hours claimed by the appellant's attorney. Furthermore, the undersigned concludes that 26.4 hours of attorney time and 5.7 hours of paralegal time are reasonable in this case.

## *Johnson* Analysis

Having determined the lodestar by establishing the prevailing market rate and hours reasonably expended, the next step requires the Court to analyze the twelve factors set forth in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)). In this case, the lodestar is $200.00 x 36.4, or $7,280.00.

Under *Johnson*, courts should consider the impact of the following factors on the

3

lodestar:

    (1)    the time and labor required,

    (2)    the novelty and difficulty of the question,

    (3)    the skill required of the attorney,

    (4)    the preclusion of other work,

    (5)    the customary fee,

    (6)    whether the fee is fixed or contingent,

    (7)    time limitations imposed,

    (8)    the amount involved and result obtained,

    (9)    the experience, reputation, and ability of the attorney,

    (10)    the "undesirability" of the case,

    (11)    the nature and length of the professional relationship with the client, and

    (12)    awards in similar cases.

*Johnson, supra,* at 718–19.

Factors 1, 3, 8, 9, and 12 are reflected in the lodestar. *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning against double-counting *Johnson* factors already represented by the lodestar). No evidence before this Court indicates that an adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10, or 11 is warranted in this case.

### Direct Payment to Claimant's Attorney

Generally, an award of attorney fees is to be paid to the claimant based on the express language of Section 2412(d) of the EAJA. *Astrue v. Ratliff*, 560 U.S. 586 (2010). Such an award is subject to the right of the United States to collect any outstanding federal debt by administrative offset. *Id.* at 589-90 (citing 31 U.S.C. §§ 3711(a), 3716(a)). Payment of an award of attorney fees under the EAJA may be paid directly to a claimant's attorney only where the claimant owes no

4

federal debt and has duly assigned his right to receive the award of attorney fees to his attorney. *Id.* at 597.

Offered as "Exhibit E" to the claimant's motion is an assignment of rights to be paid for attorney fees executed by the claimant in favor of his attorney. (Rec. Doc. 15-5). This Court finds the assignment, dated December 4, 2023, to be in good form and fit for the purpose for which it is offered.

For the foregoing reasons, it is hereby

ORDERED that the claimant's motion for attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (Rec. Doc. 14) is GRANTED, such that the claimant is awarded attorney fees in the amount of $5,850.00 and costs in the amount of $405.00. Accordingly, it is further

ORDERED that, to the extent that the claimant's award of attorney fees is not subject to administrative setoff by the United States government, the Commissioner of the Social Security Administration shall forward to plaintiff's attorney, the Olinsky Law Group, the sums of $5850.00, representing attorney fees awarded pursuant to 28 U.S.C. §2412(d) and $405.00, representing costs awarded pursuant to 28 U.S.C. §§ 1920, 2412(d)(1)(A).

SO ORDERED this 23rd day of September, 2025, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**